IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-MJ-1045

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DASHUAN ENTREA SPRUILL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of two proposed third-party custodians, his mother and godmother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 10 May 2012 with: three counts of Hobbs Act robbery, and aiding and abetting the same on 9, 11, and 20 January 2012, respectively, in violation of 18 U.S.C. §§ 1951 and 2; and three counts of use or carrying of a firearm during and in relation to a crime of violence, or possession in furtherance of a crime of

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

violence, and aiding and abetting the same on the respective foregoing offense dates, in violation of 18 U.S.C. § 924(c)(1)(A). The evidence presented at the hearing showed that during the period from August 2011 to January 2012 there was a string of robberies of fast food restaurants in eastern North Carolina. Taken together, the information provided by three confidential informants, one of whom had himself participated in at least some of the robberies, showed that defendant participated in armed robberies of two Bojangles' and one McDonald's restaurant on 9 January 2012 (around 9:30 p.m.), 11 January 2012 (around 7:20 p.m.), and 20 January 2012 (around 6:00 a.m.), respectively. In each robbery, he entered the restaurant brandishing a black pistol (later found to be an air pistol after he dropped it during the McDonald's robbery). During each robbery, he was accompanied by another man brandishing a silver pistol, and one of the robbers forced the manager at gun point to the back of the restaurant. There was also a third robber, except in the McDonald's robbery. The robbers wore masks and gloves.

On 27 January 2012, one of the confidential sources alerted police that defendant and others, travelling in two vehicles, were going to commit another robbery. Police stopped both vehicles. They found a loaded Uzi-style .22 caliber pistol on the passenger side floorboard of the vehicle defendant was driving and marijuana on his person. In a later statement to police, defendant admitted that he owned the pistol and marijuana. He also said that if he had known it was the police following him, he would have grabbed the pistol. He also said that $10,000 would induce people to talk, alluding to the reward that had been offered for information about the fast food restaurant robbers. The confidential source who himself participated in robberies told police that defendant accompanied him during a total of nine robberies.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the statements from the confidential sources and defendant's own self-incriminating statement about the reward; the gun-related and violent nature of the offenses charged; the circumstances of the offenses charged, including defendant's brandishing of a pistol during the robberies, and the recency and multiplicity of the offenses; defendant's possession of the loaded Uzi pistol during the traffic stop and his apparent willingness to use it against law enforcement; defendant's youth (he is 19 years old); the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger presented by defendant and defendant's seeming disregard of the proposed custodians as authority figures (*e.g.*, he was living with his mother at the time of the robberies); and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of any prior criminal record. It finds, however, that the factors favoring detention outweigh such evidence. Of particular concern is defendant's apparent willingness to use firearms against law enforcement. The court will not knowingly place supervising probation officers in the position of having to deal with such a threat to their safety.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 17th day of May 2012.

James E. Gates
United States Magistrate Judge